ON MOTION TO RELINQUISH JURISDICTION
PER CURIAM.
On August 18, 1980, appellee filed a motion asking this court to relinquish jurisdiction to the Deputy Commissioner to determine whether a change of doctors should be authorized. On August 21, we relinquished jurisdiction for thirty days for the sole purpose of having a determination made on the change of doctors. On September 20, jurisdiction revested in this court.
On October 3, 1980, appellee filed a motion requesting that we extend the time of jurisdictional relinquishment through October 15, 1980, because “. . . The hearing could not be held until October 1, 1980.”
Since the briefs have been filed and the cause is ready for disposition, we deny the current motion. However, our retention of jurisdiction over this appeal does not divest the deputy of jurisdiction to determine the issue sought to be raised before him.
The Deputy Commissioner has jurisdiction to consider issues that are not related to the issues pending on appeal. The filing of the notice of appeal vests jurisdiction in this court “. . . to the extent of the issues raised.” Rule 21(a) Fla.W.C.R.P. During the pendency of the appeal, the deputy retains jurisdiction “.. . to enter orders on all matters of the claim which have not been appealed.” Rule 20(b)(3), Fla.W.C.R.P.
In the instant case, the only issue on appeal is whether the attorney’s fee awarded is excessive. The motion to relinquish *1104 jurisdiction indicates that the only issue sought to be raised before the deputy is whether a change of doctors is warranted. Therefore, our jurisdiction over this appeal does not preclude the deputy from assuming jurisdiction to determine the latter issue.
WENTWORTH and JOANOS, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.