OTT, Judge.
Following entry of appellant’s default and an ex parte hearing on damages, the *1156 court below entered final judgment against appellant on October 5, 1978. On October 16 appellant, an out-of-state corporation, filed a motion for relief under Rule 1.540, on the grounds that (1) its New York attorney was excusably negligent in failing to realize the consequences of a letter from appellee’s attorney terminating the settlement negotiations which had extended over the previous six months, and (2) the judgment was void because appellee failed to comply with Florida’s “long-arm” statute in effecting service.
The motion was set for hearing on December 20. On November 2 appellant filfed a notice of appeal from the judgment, in order to protect the timeliness of the appeal. On December 20 the trial court refused to consider the 1.540 motion because the intervening appeal “constituted an abandonment of the motion.”
During the pendency of the appeal, appellant moved this court to relinquish jurisdiction to the trial court so that its 1.540 motion, which was described in detail, could be heard. As a consequence, our per cu-riam affirmance of the judgment on June 13, 1979 noted:
Affirmed without prejudice to the appellant’s right to seek to set aside the default and final judgment by motion filed pursuant to Fla.R.Civ.P. 1.540, 372 So.2d 1136, Fla.App.
Appellant’s petition for certiorari was denied by the Florida Supreme Court on February 20, 1980, 383 So.2d 1197, Fla., and on April 3 appellant filed a second 1.540 motion in the trial court, on the same grounds as the motion filed October 16,1978. When that motion came on for hearing the trial court refused to consider it because (1) it was not timely, and (2) the validity of the judgment had been conclusively and finally established by the affirmance of this court.
With the greatest respect for the court below, we must disagree with both of its conclusions. We think the second 1.540 motion was merely appellant’s solution to the practical problem of how to get its original motion back before the court, which had not denied it but instead simply refused to hear it while the court was divested of jurisdiction to do so. The original motion was timely, and in our opinion was again properly before the court when its jurisdiction was reinvested by our mandate.
As to the second point relied upon by the court, while it is normally true that an affirmance on appeal, when final, renders a voidable judgment impervious to further attack, that does not follow when the opinion of the appellate court expressly leaves open an issue or issues pertaining to the validity of the judgment. Our opinion, handed down with full knowledge of appellant’s 1.540 motion, explicitly preserved his right to pursue that motion on its already designated grounds.
The case is REMANDED with instructions to the court below to consider the merits of the motion filed by appellant October 16, 1978.
SCHEB, C. J., and RYDER, J., concur.