453 So.2d 78 (1984)
MANNS JIFFY FOOD MART and RGAF Underwriters, Appellants,
v.
Gladys O'NEIL, Appellee.
No. AU-328.
District Court of Appeal of Florida, First District.
May 30, 1984.
Rehearing Denied July 12, 1984.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, Orlando, for appellants.
Beth A. Ferguson of Meyers & Mooney, Orlando, for appellee.
MILLS, Judge.
In the workers' compensation order from which the employer/carrier appeal, the deputy commissioner required the employer/carrier to provide continuing remedial medical care to the claimant. In the same order, the deputy commissioner found the claimant had previously attained maximum medical improvement. Concurrent findings of maximum medical improvement and the necessity of continuing remedial care are erroneous as a matter of law. Florida Structures, Inc. v. Morton, 443 So.2d 444 (Fla. 1st DCA 1984); Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982).
We decline to consider the other issues raised in the employer/carrier's brief because the periods and classifications of benefits which those issues concern were not set out in the Notice of Appeal as *79 required by Florida Workers' Compensation Rule of Procedure 16(a).
That part of the order requiring continuing remedial medical care is reversed.
SHIVERS and WIGGINTON, JJ., concur.

ON MOTION FOR REHEARING DENIED
MILLS, Judge.
Appellant moves for rehearing asserting the Amended Notice of Appeal adequately sets out the periods and classifications of benefits affected by the issues we declined to consider. We have reviewed the Amended Notice of Appeal and find it does not comply with Florida Workers' Compensation Rule of Procedure 16(a).
The motion for rehearing is denied.
SHIVERS and WIGGINTON, JJ., concur.