WIGGINTON, Judge.
The employer/carrier appeal from the final order of the deputy commissioner requiring them to provide for claimant medical care and a spinal CAT scan. We reverse.
Claimant suffered a compensable injury to his head and back on September 15, 1981. Following remedial treatment afforded by the E/C’s authorized physicians, claimant entered into a “Stipulation and Joint Petition for Partial Final Settlement” on April 26, 1983, pursuant to section 440.-20(12)(a) and (b), Florida Statutes. Claimant stipulated that he had been discharged from further treatment, had reached maximum medical improvement on October 12, *80 1981, and required no further treatment as a result of the industrial accident.
The deputy approved the stipulation, and ordered that upon payment of the stipulated lump sum, “the liability of the employer for future payments of compensation on account of the subject injury shall be fully discharged_” However, the order further provided that “[t]he responsibility of the Employer/Carrier for future medical benefits remains as it now is for the time and in the manner provided by law.”
In June, 1983, claimant filed a claim requesting further medical care and treatment by Dr. Haney Helmy, which request had earlier been denied by the E/C based on the fact that claimant had reached MMI, and on their. opinion that there was no causal relationship between claimant’s alleged continued need for medical care and the industrial accident.
At the hearing, claimant’s case rested on his testimony of continued pain, in which he stated, “I just want to go to him [Dr. Helmy] and go to someone who didn’t have prior knowledge about it and see what he said. I want to know. I mean there is definitely a problem here.” Being under the impression that a novel CAT scan diagnostic procedure would benefit claimant, the deputy authorized treatment by Dr. Helmy and the scan examination at the Florida Hospital South in Orlando. By so doing, the deputy erred. ■
The medical evidence before the deputy was uncontradicted that claimant required no further treatment on account of the industrial accident. Claimant had previously stipulated to that fact, and the deputy approved the stipulation in his order granting the lump sum award. Claimant had reached maximum medical improvement. “Absent a conflict in the medical evidence, the employer/carrier may not be required to bear the expense of an evaluation by an additional physician based merely on claimant’s assertions of continued pain_ Instead, claimant must demonstrate that such further treatment is reasonably required by the nature of the injury or the process of recovery ... [citations omitted].” Amoco Container Company v. Singh, 418 So.2d 395 (Fla. 1st DCA 1982).
Claimant would argue that under the order approving the stipulation, he is entitled to future medical benefits. However, we must emphasize to claimant that he is not unconditionally entitled to those medical benefits; rather, the language on which claimant relies expressly conditions the E/C’s responsibility to provide future medical benefits on their present responsibility for such benefits and, beyond that, in the manner “as provided by law.” At “present,” or, just prior to the hearing, the E/C had no responsibility to provide medical benefits because claimant stipulated that he had reached MMI and required no further treatment. At the hearing, claimant produced no evidence to establish a need for further medical treatment, other than his bare complaints of pain. “By law,” those complaints are simply insufficient under the circumstances to justify the E/C’s bearing the expense of further medical evaluation. Amoco Container Company v. Singh.[1] For that reason, the deputy erred in awarding the treatment at this juncture.
REVERSED.
MILLS and SHIVERS, JJ., concur.

. It should also be kept in mind that, whatever medical treatment is sought by claimant, remedial medical care is not awardable following maximum medical improvement. Manns Jiffy Food Mart, et al. v. O'Neil, 453 So.2d 78 (Fla. 1st DCA 1984).