MILLS, Judge.
Reed appeals from an order of the deputy commissioner denying his claim for wage-loss benefits and further medical treatment. We affirm.
Reed injured his back in a September 1979 fall and was paid temporary total disability benefits by the employer/carrier (E/C) herein until September 1983. In August 1984, Reed filed the instant claim for reinstatement of temporary benefits or wage-loss benefits and for additional medical treatment. The E/C contended at the hearing that Reed had reached maximum medical improvement with no permanent impairment and was not entitled to further benefits or treatment. The deputy correctly denied the claim.
Since the 1979 injury, the E/C has authorized Reed’s evaluation and/or treatment by eleven specialists in the fields of chiropractic, orthopedics, neurology, neurosurgery and psychiatry. The voluminous medical evidence, including the results of several myelograms and CT scans, showed that the 197.9 accident resulted in a lumbar strain and a mild disc protrusion not susceptible of surgical resolution. After Reed’s treating orthopedist performed a pain study which revealed the absence of pain on leg lifting and spinal palpation, Reed was found to have reached MMI in September 1983 with no permanent disability. A neurological examination in October 1983 similarly reflected no neurological deficit or clinical signs of disease.
At Reed’s request, he was seen by another neurosurgeon in February 1984, who, although he believed Reed to be malingering, ordered still more tests, the results of which were normal. Repeat examinations by the same doctor in June and October 1984 confirmed his diagnosis that Reed was malingering. A June 1984 psychiatric evaluation similarly revealed a “gross exaggeration of pain” and the absence of any psychiatric disability. In February 1985, again *964 at Reed’s request, he was seen by yet another neurosurgeon, who reviewed the past test results and opined that nothing could be done for Reed neurologically, that he either suffered from an hysterical neurosis or was malingering, and had suffered no compensable disability.
In order to be eligible for wage-loss benefits, an injured worker must suffer “any permanent impairment.” Section 440.-15(3)(b)l, Florida Statutes. The uncontra-dicted medical evidence in this case shows, that Reed reached MMI in September 1983 with no permanent impairment. Further, the statute requires a wage-loss claimant to perform a good faith work search absent an excuse therefor. Paramount Poultry v. Mims, 472 So.2d 1281, 1282 (Fla. 1st DCA 1985). The record herein reflects no evidence of a work search nor any medical testimony that Reed’s condition after MMI precluded such a search.
In Amoco Container Co. v. Singh, 418 So.2d 395 (Fla. 1st DCA 1982), the deputy awarded medical treatment in the face of uncontradicted medical testimony that the claimant had reached MMI with no permanent impairment or restrictions. This court reversed, holding that “absent a conflict in the medical evidence, the E/C may not be required to bear the expense of an evaluation by an additional physician based merely on claimant’s assertions of continued pain. Instead, claimant must demonstrate that such further medical evaluation and/or treatment is reasonably required by the nature of the injury or the process of recovery.” Amoco at 395.
The uncontradicted evidence in this case similarly showed that Reed had reached MMI with no permanent impairment. He was therefore required to show that additional treatment or evaluation was reasonably required as provided in Amoco. The record reflects that he made no such showing. Nor would an award of remedial treatment have been proper given that Reed had reached MMI. See Vic Lane Construction, Inc. v. Holland, 453 So.2d 79, 80 n. 1 (Fla. 1st DCA 1984) citing Manns Jiffy Food Mart v. O’Neil, 453 So.2d 78 (Fla. 1st DCA 1984).
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.