ON MOTION TO WITHDRAW NOTICE OF VOLUNTARY DISMISSAL AND TO REINSTATE APPEAL
COBB, Judge.
The state filed a notice of appeal in this case on March 19, 1990, seeking review of a non-final trial court order suppressing evidence, as is permitted by Rule 9.140, Florida Rules of Appellate Procedure. On May 30, 1990, the state filed with this court a “Notice of Voluntary Dismissal” pursuant to Florida Rule of Appellate Procedure 9.350(b). That rule provides:
(b) Voluntary Dismissal. A proceeding of an appellant or petitioner may be dismissed prior to a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross appeal; provided that dismissal shall not be effective until 10 days after filing the notice of appeal[1] or until 10 days after the time prescribed by Rule 9.110(b), whichever is later.
In response to the foregoing notice, this court issued an order dated June 1, 1990, approving the notice and dismissing the case. Neither the state nor the defendant filed anything during this interim ten-day period, and the record revealed no pending issues in regard to costs, sanctions, cross-appeal, or other matters. Subsequently, on June 18, 1990, the state filed a motion to withdraw its notice of voluntary dismissal and to reinstate the appeal on the basis that “a plea agreement acceptable to all parties cannot be reached and, therefore, a determination by the (appellate) court of the legality of the trial court’s ruling on the Motion to Suppress is again necessitated.” The state’s motion does not suggest that this court’s order of dismissal resulted from any illegality, fraud, mutual mistake, or excusable neglect — only that it was unsuccessful in reaching a plea agreement with the defendant. In response to the state’s motion, the defendant/appellee asserted that a negotiated plea acceptable to all parties was reached between the state and the defendant, and therefore requested that the state’s motion be denied.
If the issue were a' factual one — i.e., did the parties negotiate an acceptable plea after the filing of the notice of dismissal— then it would be necessary to remand this cause for an evidentiary hearing before the trial court. But the dispositive issue is whether or not there is a sufficient basis, assuming the truth of the state’s assertions, to alter our prior mandate of dismissal at this late date. This assumes that we have jurisdiction to do so since the state’s motion was filed during the same appellate term in which the mandate issued. See § 35.10, Fla.Stat. (1989); State Farm Mutual Automobile Insurance Company v. Judges of District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981); Joseph v. State, 447 So.2d 243, 246 n. 2 (Fla. 3d DCA 1983), review denied, 447 So.2d 888 (Fla.1984).
Since we are presented with no compelling reason to withdraw our prior mandate, the state’s motion is
DENIED.
W. SHARP, J., concurs.
COWART, J., concurs specially with opinion.

. This reference to "the notice of appeal” obviously reflects an error (clerical or otherwise), and was intended to read- “the notice of voluntary dismissal of appeal.” Otherwise, the provision is nonsensical.