ERYIN, Judge.
In this workers’ compensation appeal,, claimant/appellant raises two issues: First, the judge of compensation claims (JCC) *700 erred in finding that his temporary partial disability benefits should be calculated based on “average deemed weekly earnings of $623.80,” in contravention of Section 440.15(4)(a) and (b), Florida Statutes (1987). Second, the JCC erred in ruling that the irregular payment provision of Section 440.15(3)(b)(l), Florida Statutes (1987), was applicable to wage loss sustained after attainment of maximum medical improvement, in violation of the express language of the statute. Appellees, the employer and its insurance carrier (E/C), defend the order, arguing, inter alia, that this court should decline to consider the issues raised by appellant, because the periods and classifications of benefits were not set out in the notice of appeal, as required by Florida Workers’ Compensation Rule of Procedure 4.160(a). The E/C also raises in its cross-appeal the issue of whether the JCC erred in refusing to admit into evidence proffered payroll records relevant to the cyclical nature of the claimant’s employment and to impeach the claimant’s testimony in regard to a decline in his earnings. We reverse as to the first point advanced by appellant, remand the case for recalculation of appellant’s AWW, and affirm as to all remaining issues.
I.
Before addressing the merits of the appeal, we consider first whether, as asserted in appellees’ answer brief, we should decline to reach the merits of the case in that appellant failed to comply with the provisions of rule 4.160(a), by not specifying in the notice of appeal the periods and classifications of benefits affected by the appeal. Rule 4.160(a) provides:
Notice of appeal of an order of a Deputy Commissioner shall be filed with any Deputy Commissioner or with the First District Court of Appeal, within 30 days of the date copies of the Deputy Commissioner’s order were mailed to the parties. Notice of appeal shall contain a certificate of appellant (or cross-appellant) or counsel setting out the periods and classifications of benefits and medical treatment affected by the appeal. Appellant shall file the original and one copy of the notice, accompanied by a filing fee in the amount prescribed by law or by rule of court by check or money order, payable to the clerk of the district court. Jurisdiction of the district court is invoked as of the date of filing of the notice of appeal with any Deputy Commissioner or the clerk of the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction for the purpose of approving settlements or correcting clerical errors in the order appealed at any time prior to the filing of the record on appeal in the First District Court of Appeal. The Deputy Commissioner shall have jurisdiction to determine whether there has been an abandonment under Rule 4.161.
(Emphasis added.)
The 1980 Committee Note to rule 4.160 explains the reason for the adoption of the certification requirement:
The [Rules Committee of the Workers’ Compensation] Section [of The Florida Bar] further suggests a certificate of the appellant setting out which benefits will be affected by the issues on appeal, so that the Deputy can determine whether he has jurisdiction to proceed in regard to other benefits. The certificate does not require a pleading of the issues on appeal, but rather only requires a certification of which benefits will be affected. It is felt that such an amendment to the rule will do much to avoid confusion and delay in determining the threshold question of the Deputy’s jurisdiction.
The note also states that the information provided in the certificate relating to the benefits affected by the appeal “is necessary to avoid delay in the delivery of uncontested (on appeal) benefits to the claimant.” (Emphasis added.) It is altogether clear from the above comments that the rule’s certification requirement was designed to ensure that a claimant promptly receive benefits that are uncontested on appeal and to permit a JCC to entertain unmatured issues during the pendency of *701 an appeal[1].
This conclusion is supported as well by-reference to the provisions of rule 4.161 and Section 440.20, Florida Statutes (1987). Section 440.20 prescribes how compensation benefits should be paid. For instance, subsection (1) states that “[cjompensation ... shall be paid periodically, promptly in the usual manner, and directly to the person entitled thereto ... except when liability to pay compensation is controverted by the employer.” Wage loss or temporary disability benefits, which are the benefits at issue in this case, are to be paid “monthly ... within 14 days of the date upon which the carrier or employer has knowledge of the compensable wage loss.” § 440.20(4), Fla.Stat. (1987). If the E/C controverts the claim and an award is entered in favor of the claimant, compensation payable under that award must be paid within 30 days after it becomes due unless review of the compensation order is sought. Section 440.20(8), Fla.Stat. (1987). In the event of an appeal, rule 4.161(b) provides that all benefits certified under rule 4.160(a) may be withheld pending the outcome of the appeal.[2]
Neither rule 4.160 nor any other rule of the Florida Workers’ Compensation Rules of Procedure designates what sanctions should be imposed upon a party who fails to certify the periods and classifications of benefits affected by the appeal. We cannot conceive that a party’s disregard of the certification provisions of rule 4.160(a) should be deemed jurisdictional, hence subject to dismissal without any analysis of prejudice to the opposite party.
Although Florida Rule of Appellate Procedure 9.110(d) does not specify the contents of a notice of appeal, as does rule 4.160(a), case law interpreting rule 9.110(d) pertaining to the issue of whether an appeal should be dismissed due to an omission of certain information from the notice is, in our judgment, highly persuasive as to what should be the preferred approach in the event an appellant fails to certify the benefits affected by the appeal. The judicial rule that has evolved is that if the notice gives sufficient information from which it can be determined, with a reasonable degree of certainty, which order is being appealed, technical defects in the notice that neither affect jurisdiction nor mislead or prejudice the other party do not require dismissal of the appeal. See, e.g., Ratner v. Miami Beach First Nat’l Bank, 362 So.2d 273 (Fla.1978); Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977); Skinner v. Florida Power Corp., 564 So.2d 572 (Fla. 1st DCA 1990); Cobb v. St. Joseph’s Hosp., Inc., 550 So.2d 1 (Fla. 2d DCA 1989); Austin v. B.J. Apparel Corp., 527 So.2d 206 (Fla. 3d DCA 1987).
Upon consideration of the above authorities, we now conclude that the same test should be applied to defects in notices of appeals which violate rule 4.160(a) as is generally applied to defects in notices filed pursuant to the Florida Rules of Appellate Procedure. Thus, so long as the notice of appeal gives sufficient information from which it can reasonably be determined which order is being appealed, technical defects in the notice that neither affect jurisdiction nor mislead or prejudice the other party will not require dismissal. See Bowen v. Bowen, 352 So.2d 166, 167 (Fla. *702 1st DCA 1977) (nonjurisdictional defects in notices of appeal may be cured by amendment when appellee has not been misled or prejudiced), dismissed, 360 So.2d 1247 (Fla.1978); Hanna v. American Int’l Land Corp., 289 So.2d 756, 757 n. 1 (Fla. 2d DCA 1974) (deficiencies in form or substance of notice of appeal shall not be jurisdictional or require dismissal unless opposing party was misled or prejudiced), reversed on other grounds, 323 So.2d 567 (Fla.1975).
We acknowledge that this court has on two prior occasions declined to consider issues raised on appeal as a result of an appellant/E/C’s failure to comply with the certification provisions of rule 4.160(a). See Super Eight Motels v. Drolshagen, 561 So.2d 2 (Fla. 1st DCA 1990), and Manns Jiffy Food Mart v. O’Neil, 453 So.2d 78 (Fla. 1st DCA 1984). Nevertheless, the brevity of these opinions makes it impossible to determine whether the appellees in those cases raised the issues by motions to dismiss or, as here, in their answer briefs. We do note, however, that the court stated in O’Neil that appellant filed a motion for rehearing in which appellant asserted that the periods and classifications of benefits were subsequently properly certified in an amended notice of appeal. The court, however, observed that it had reviewed the amended notice and found that it did not comply with Florida Workers’ Compensation Rule of Procedure 16(a).[3] Thus, it appears from our review of O’Neil that an opportunity was given to the appellant to file an amended notice of appeal in conformity with the rule, but that the court determined that appellant had failed to do so.
In applying the above analysis to the instant case, it is obvious that the E/C has suffered no prejudice as a result of claimant’s certification violation. Temporary partial compensation benefits were awarded based upon an average weekly wage (AWW) of $623.80. Thus, the E/C’s liability for payment of benefits has already been established; claimant merely seeks to adjust the AWW amount. We therefore refuse appellee’s invitation to affirm without reaching the merits of this appeal.
II.
Considering the two issues appellant has raised, he first complains that the JCC erred in finding that his temporary partial disability (TPD) benefits should be calculated based on “averaged deemed weekly earnings of $623.80,” in contravention of section 440.15(4)(a) and (b). We find no support for the JCC’s AWW calculation and reverse for the following three reasons. First, the parties stipulated that claimant’s AWW was $678.29. “The rule is clear that a stipulation should not be ignored or set aside in the absence of fraud, overreaching, misrepresentation, withholding of the facts by an adversary, or some element as would render the agreement void.” Howard Johnsons v. Pineda, 560 So.2d 336, 337 (Fla. 1st DCA 1990). As there was no reason shown why the stipulation should be set aside, the JCC should have directed that the claimant’s TPD benefits be calculated based on the stipulated AWW of $678.29.
Second, even if the stipulation were properly set aside, the JCC was obligated to determine claimant’s AWW under the 13-week formula set out Section 440.14(1), Florida Statutes (1987). Apholz v. North Am. Van Lines, 427 So.2d 1094 (Fla. 1st DCA 1983); Coles v. Gainesville Bonded Warehouse, 409 So.2d 1205 (Fla. 1st DCA 1982) (section 440.14(1)(a) shall be used to calculate AWW when employee has worked substantially all of the 13 weeks immediately preceding his or her injury). And see Quality Painting, Inc. v. Harrison, 529 So.2d 1172 (Fla. 1st DCA 1988) (cashier who was generally subject to seasonal layoffs did not elect to be treated as a seasonal worker pursuant to section 440.14(1)(c)).
Third, the JCC had no authority to apply a deemed-earnings analysis, because he made no finding that appellant voluntarily limited his income or failed to accept *703 employment commensurate with his abilities. See § 440.15(4)(b), Fla.Stat. (1987); Spaulding v. Albertson’s, 543 So.2d 858, 860 (Fla. 1st DCA 1989); Brookings v. Hunzinger Constr., 512 So.2d 952, 953 (Fla. 1st DCA 1987).
In regard to appellant’s second issue, namely, that the JCC erred in finding that the irregular payment provision of section 440.15(3)(b)(l) was applicable to wage loss (WL) sustained after attainment of maximum medical improvement (MMI), in contravention of the express language of the statute, we affirm. The JCC made the following finding relating to the irregular payment provision:
m. Upon review of the irregular payment provision of F.S. 440.15(3)(b)(l), I find that it is only applicable to wage loss sustained after attainment of maximum medical improvement. Therefore, it is not applicable in this instance while the claimant is classified under temporary partial disability prior to attainment of maximum medical improvement.
Contrary to appellant’s argument, the JCC did not find that the provision was applicable to WL sustained by claimant after MMI. Rather, he correctly concluded that the provision did not apply in the instant case, because the period for which benefits were claimed (March 1, 1988 through February 4, 1990) was before claimant’s MMI date (July 19, 1990). Consequently, there is no basis for reversal of the above ruling and no reason to speculate as to the provision’s application to any future claim which appellant might make for WL after MMI.
In its cross-appeal, the E/C argues that the JCC erred by not admitting into evidence appellant’s payroll records for the years 1986 and 1987, which were proffered for the purpose of showing the cyclical nature of appellant’s income and to impeach his testimony with reference to the decline in his earnings. As outlined above, because appellant’s AWW was determined by stipulation, the cyclical nature of his earnings was not an issue. Even if his AWW had been determined under section 440.14(1), because claimant did not elect to be characterized as a seasonal employee, the cyclical nature of his earnings still would not have been an issue. Thus, it was not error to exclude the 1986 records. As for the 1987 records, although they would have been necessary to calculate claimant’s AWW under section 440.14(l)(a), they were not offered for that purpose, and because the AWW was set by stipulation, the exclusion of those records, if it was error, was harmless. As for impeaching claimant’s credibility, section 440.15(4) sets forth the formula for calculating TPD— claimant must show his present earnings are less than his AWW. Mathematics, not credibility, is the key to the formula.
In conclusion, we reach the merits of the appeal, AFFIRM both the cross-appeal and appellant’s second issue, but REVERSE as to appellant’s first issue and REMAND the case for recalculation of his AWW in a manner consistent with this opinion.
WIGGINTON, J., concurs.
WOLF, J., concurs in result only.

. Matured issues that are the subject of an appeal divest the judge of jurisdiction over them. See Sanz v. Eden Roc Hotel, 140 So.2d 104 (Fla.1962), cert. dismissed, 165 So.2d 179 (Fla.1964). And see Active Enters, v. Cavnar, 389 So.2d 1103 (Fla. 1st DCA 1980) (appeal regarding whether an attorney fee award was excessive did not preclude a JCC from assuming jurisdiction to determine whether a change of doctors on behalf of a claimant was warranted).

. Rule 4.161 provides in pertinent part:
(a) Benefits Unaffected by Appeal. Benefits ordered paid and not certified by appellant (or cross-appellant) to be affected by appeal under Rule 4.160(a) of these rules are governed by Section 440.20 Florida Statutes.
(b) Benefits Affected by Appeal. Benefits ordered paid which are certified under Rule 4.160(a) of these rules by appellant (or cross-appellant) as being affected by the appeal may be withheld pending outcome of the appeal under the authority of Section 440.20 Florida Statutes unless the appellant’s (or cross-appellant's) challenge to the award of any such benefits so certified is deemed abandoned as provided by subsection (c) of this rule.
(Emphasis added.)

. Rule 16 was redesignated rule 4.160, effective January 1, 1985. The Florida Bar re Workers' Compensation Rules of Procedure, 460 So.2d 898 (Fla.1984).