622 So.2d 111 (1993)
FIRST UNION NATIONAL BANK OF FLORIDA, a national banking Association, Appellant,
v.
Wallace C. YOST, et al., Appellees.
No. 92-808.
District Court of Appeal of Florida, First District.
July 28, 1993.
*112 Douglas D. Chunn and Marianne Lloyd of Smith, Hulsey & Busey, Jacksonville, for appellant.
Wilmer H. Mitchell of Mitchell & Condon, P.A., Pensacola, for appellees Charles H. McLaughlin and John I. Klocker, Jr.
Donald A. Roark, Pensacola, for appellee Robert Holmes.
SMITH, Judge.
Appellant, First Union National Bank (First Union), seeks reversal of an order granting motions for rehearing or relief from judgment. Because the jurisdiction of this court had already been invoked by an appeal, the trial court lacked jurisdiction to enter an order on the motions for rehearing or for relief from judgment. We therefore reverse.
Final summary judgment issued in favor of First Union, the plaintiff below, in a civil suit filed against numerous defendants. Thereafter, several defendants[1] moved for rehearing or relief from judgment.[2] Because the final summary judgment was not immediately forwarded to the defendants, they apparently became concerned that their post-judgment motions were not timely filed; also, they apparently were concerned that the time for taking an appeal had not tolled. Faced with these uncertainties, defendants filed, prior to a ruling on the post-judgment motions, what they called a "conditional notice of appeal" of the final summary judgment. The defendants subsequently obtained an order in which the trial court found it had jurisdiction to rule on the post-judgment motions, and thereafter appellees withdrew their appeal. First Union now challenges the order on the motions for rehearing or relief from judgment.
In holding that it had jurisdiction to consider the defendants' post-judgment motions, the trial court found that defendants' notice of appeal was "nugatory and of no effect," apparently because the defendants only intended it to be effective if their post-judgment motions were deemed untimely. Although we discuss this matter in more detail below, it should be noted at this juncture that there is no authority for such a conditional notice of appeal, and, it is for the appellate court to determine the validity of a notice of appeal.
*113 On the authority of In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla. 1991), First Union argues that the defendants abandoned their post-judgment motions when the initial appeal was filed; therefore, the trial court lacked jurisdiction to enter the order on appeal. Appellee Holmes argues that the notice of appeal failed to satisfy the requirements of Rule 9.110(d), Fla.R.App.P., and so the jurisdiction of this court was never actually invoked. Holmes also takes the position that the trial court did have jurisdiction to rule on the post-judgment motions after their notice of appeal was withdrawn, thus arguing, in effect, that their post-judgment motions were resurrected upon the filing of their notice of withdrawal of the appeal.[3] First Union points out, in reply, that the defendants did not file a voluntary dismissal of their appeal but instead filed a withdrawal of the notice of appeal. Compare, State v. Wynn, 567 So.2d 533 (Fla. 5th DCA 1990). According to First Union, therefore, the appeal was not actually dismissed until this court entered an order, dated February 27, 1992, to that effect. Finally, First Union reiterates its argument that the filing of a notice of appeal constitutes an abandonment of motions pending in the trial court.
We must agree with the First Union. No authority has been cited to us supporting Holmes' implicit argument that a motion which is deemed "abandoned" upon the filing of a notice of appeal may nevertheless be deemed valid and ripe for consideration by the trial court when an appeal is voluntarily dismissed. The supreme court has stated in certain terms that "a party abandons previously filed post-judgment motions when he files a notice of appeal of that very judgment." In Re Forfeiture of $104,591, 589 So.2d at 285 (emphasis added).[4] To abandon is to forsake or desert, or to surrender one's claim or right to; to give up. The American Heritage Dictionary (New College Edition). Accordingly, an abandoned motion is not a pending or inchoate motion. In McGurn v. Scott, 596 So.2d 1042, 1045 (Fla. 1992), the supreme court held that an appeal was not premature where the order under review appeared final except for the fact that jurisdiction was reserved by the trial court to award prejudgment interest. Further, the court noted:
[B]ecause an appellate's court's jurisdiction is exclusive with respect to the subject matter of an appeal, once the appeal is taken the trial court will lack the jurisdiction to take any further action in the matter. [Citation omitted]. Thus, the parties will be deemed to have waived any matter reserved for future adjudication by the trial court, with the exception of attorney's fees and costs.
Id. (Emphasis added).[5]See also Burris Chemical, Inc. v. Whitted, 485 So.2d 37 (Fla. 4th DCA 1986) (upon filing a notice of appeal with the lower tribunal within 30 days of rendition of the order on judgment, the jurisdiction of the cause vests absolutely in the appellate court until such appeal has finally been disposed of).
As for Holmes' argument that the notice of appeal was void and of no effect because it was clothed in conditional terms,[6] we agree with First Union that *114 there is no authority for a "conditional notice of appeal." Nevertheless, the notice was not void because it purported to be conditional. It has been stated that if a notice of appeal gives sufficient information from which it can be determined, with a reasonable degree of certainty, which order is being appealed, then technical defects in the notice that neither affect jurisdiction nor mislead or prejudice the other party do not require dismissal of the appeal. Aguiar v. Doral Hotel and Country Club, 599 So.2d 698, 701 (Fla. 1st DCA 1992). A technical defect affecting jurisdiction would be the filing of a motion in the wrong court. Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981). Meaningless or superfluous material contained in a notice of appeal will simply be ignored and hence will not affect the validity of a notice. We can only imagine the variety of questions concerning this court's jurisdiction, and hence the appealability and finality of judgments, if a strict rule were adopted regarding the sufficiency of a notice of appeal in order to invoke appellate jurisdiction.
The question remaining is whether the time for filing a second motion for relief from judgment recommenced running after the dismissal of the appeal or whether the defendants, after the filing of the notice of appeal, were barred from filing a second motion. We hold that the filing of the notice of appeal on January 17, 1992, tolled the period for filing a second motion under Rule 1.540. Certainly, Holmes has the authority to file a second motion on remand. See, Local Consumer Enterprises Corp. v. Hadley, 404 So.2d 1155 (Fla. 2d DCA 1981). Accordingly, the time for filing any additional motions under Rule 1.540 will recommence when this appeal becomes final. We express no opinion on the merits of any motions already filed by the defendants nor on the likelihood of success of any future motions under Rule 1.540.
The order dated January 30, 1993, is REVERSED and the cause is REMANDED.
JOANOS and WOLF, JJ., concur.
NOTES
[1] During the pendency of this appeal, defendants Klocke and McLaughlin reached a settlement with the appellant. Accordingly, the appeal has been dismissed with respect to these defendants. However, the appeal remains pending with respect to appellee Robert G. Holmes.
[2] The appendix to appellant's initial brief contains a copy of appellee Holmes' motion for relief from the judgment. In this motion, Holmes specifically seeks relief on the grounds alleged in paragraph (b) of Rule 1.540, Florida Rules of Civil Procedure. We note that under the first paragraph, 1.540(a), a clerical mistake in a judgment may be corrected at any time, even where the judgment is pending on appeal; although, if the record on appeal has been docketed, leave must be granted by the appellate court before relief under paragraph (a) may be granted.

However, in order for a party to obtain relief from a judgment under paragraph (b), then the jurisdiction of the appellate court must not have been invoked. Ferrara v. Belcher Industries, Inc., 483 So.2d 477 (Fla. 3d DCA 1986). This point is discussed in greater detail infra.
[3] According to Holmes, the order on the motions was not actually entered until February 21, 1992, even though the copy of the order contained in the record on appeal shows no docketing stamp and is dated January 30, 1992.
[4] See also, State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla. 1961) (when party filed a notice of appeal, party "abandoned" previously filed motion for rehearing); Walker v. Walker, 401 So.2d 872 (Fla. 2d DCA 1981) (lower court "lost jurisdiction" to enter order on motion for relief from judgment once the notice of appeal from the final judgment was filed); Local Consumer Enterprises Corp. v. Hadley, 404 So.2d 1155 (Fla. 2d DCA 1981) (the filing of a notice of appeal of the final judgment after the filing of a motion for relief under Rule 1.540, Fla.R.Civ.P., constitutes an abandonment of the latter); Ferrara v. Belcher Industries, Inc., supra, (trial court was "without jurisdiction" to proceed on defendant's motion for relief from judgment once jurisdiction of district court was invoked by filing of notice of appeal from final judgment).
[5] But see, Sperry Builders, Inc. v. Dewbar Development Corp., 400 So.2d 192 (Fla. 3d DCA 1981).
[6] The notice of appeal reads as follows:

NOTICE IS HEREBY GIVEN that JOHN I. KLOCKE, JR., CHARLES H. McLAUGHLIN and ROBERT G. HOLMES, Defendants, Appellants, appeal to the First District Court of Appeals the Order of this Court rendered December 20, 1991. The nature of the order is a final Order of Summary Judgment in favor of Plaintiff, First Union Bank of Florida, N.A. These defendants take the position that the time for filing a notice of appeal has been properly tolled by post-judgment motion which they have filed in the cause because they were not timely served with copies of the Final Judgment of December 20, 1991, and if that position is upheld, this notice of appeal will not be effective. If the defendants' position is not upheld, this notice of appeal will be effective. If the defendants' position is upheld, the defendants reserve the right to seek a refund of the costs associated with the filing of this notice of appeal.
We are mindful of the maxim that appellate jurisdiction should be deemed invoked if it is apparent that there is an intent to prosecute an effective appeal. See Puga v. Suave Shoe Corp., 417 So.2d 678, 680-681 (Fla. 3d DCA 1981), and the cases cited therein. We do not view the notice of appeal, despite its use of conditional language, to be indicative of an intent not to prosecute an appeal.