649 So.2d 286 (1995)
Joseph KENNEDY, Appellant,
v.
Pamela ALBERTO and Louis Alberto, Appellees.
No. 94-1110.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*287 Gary R. Jones of Hickey & Jones, P.A., Miami, for appellant.
J. Philip Landsman of Landsman & Villella, P.A., Fort Lauderdale, for appellees.
FARMER, Judge.
In 1992 the supreme court amended Florida Rule of Appellate Procedure 9.020(g) and added subdivision (g)(3), so that it now states in pertinent part:
"(g) Rendition (of an order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; or a challenge to the verdict, the following exceptions apply:
* * * * * *
"(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them." [e.o.]
In re Amendments to Florida Rules of Appellate Procedure, 609 So.2d 516 (Fla. 1992). In explaining this addition, the Committee Notes state the following:
"Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 (Fla. 1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591, in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed."
609 So.2d at 524. The issue we address today is whether a motion filed 27 days after the entry of a final judgment for relief from judgment under rule 1.540(b) is similarly deemed abandoned by the filing three days later of a notice of appeal of the final judgment. We hold that it is not.
The facts are not in dispute. Several months after a default had been entered, the court entered a final default judgment on 10 December 1993. Appellant filed a motion on 6 January 1994 to vacate the default and default judgment, alleging insufficiency of both service and process. He then filed a notice of appeal of the final default judgment on 10 January 1994. On 8 February 1994 he voluntarily dismissed the appeal. Then on 22 March 1994 the trial court denied his motion to vacate and he timely appealed that final order. The judgment plaintiff has moved to dismiss that appeal, arguing that under rule 9.020(g)(3) the January 10th notice of appeal operated as an abandonment of the motion to vacate. We disagree.
Plaintiff argues that "post-judgment motions are considered abandoned by a party who files a notice of appeal before their disposition," citing In re Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). That is certainly true as to the post-judgment motions named in rule 9.020(g) that suspend rendition of the judgment to which they are directed, as was the case in In re Forfeiture.[1] As we have taken *288 pains to show, rule 9.020(g) specifies which motions suspend rendition of a final judgment. The list includes motions for new trial or rehearing, clarification, or certification; motions to alter or amend; motions for judgment notwithstanding verdict or in accordance with a prior motion for directed verdict, or in arrest of judgment; or motions challenging the verdict. Conspicuously absent from that list, however, are motions for relief from judgment under Florida Rules of Civil Procedure 1.540(b).[2] That rule quite expressly states that "[a] motion under this sub-division does not affect the finality of a judgment or decree or suspend its operation." We do not believe, therefore, that motions filed after final judgment which are not named in rule 9.020(g) and do not suspend rendition are deemed abandoned by a later filed notice of appeal directed to the judgment itself. Among this class of motions are motions for writ of garnishment, motions to tax costs or award attorney's fees, motions for proceedings supplementary, and motions for relief from judgment under rule 1.540(b).
In this case, the defaulted defendant filed his motion for relief from the default judgment 27 days after its entry, and then filed his notice of appeal from the default judgment within 30 days from the entry of the default judgment. Defendant was merely preserving alternative but consistent remedies. If the appeal should result in a reversal of the judgment, then the rule 1.540(b) motion would be moot and need not be heard or determined by the trial court. If affirmed or otherwise disposed of without a reversal, then defendant could proceed to prosecute the motion. In either case no damage to an appellate court's jurisdiction has been done. Its decision will not be useless either way it decides the case.
The problem with relying on First Union Bank of Florida v. Yost, 622 So.2d 111 (Fla. 1st DCA 1993), as plaintiff does, is that the Yost opinion does not state whether the motion for relief from judgment was served within 10 days after the entry of the judgment to which it pertained. It does state that the motion for relief was joined with a motion for rehearing under rule 1.530, but it does not tell us when these motions were filed. On the other hand, because the Yost court relied squarely on In re Forfeiture, one might reasonably suppose that the subject motions in Yost were served within the required 10 day period and therefore suspended rendition of the final judgment for appeal purposes. In fact, that is probably the only possible construction of Yost. Hence it fails to support plaintiff's argument, because the procedural facts here are different.
The January 6th motion to vacate was authorized by rules 1.500(d) and 1.540(b). The grounds asserted are that the judgment is void for alleged improprieties in the service of process and insufficiency of process owing to a lack of minimum contacts with Florida. Such a motion seeks relief from a judgment that is void or voidable and may be made at any time, even more than 1 year after the judgment was entered. DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla. 1984); Gonzalez v. Totalbank, 472 So.2d 861, 854 n. 3 (Fla. 3d DCA 1985).
Turning to the merits, we think the order denying relief must be reversed. It is not so much that appellant lacks minimum contacts with Florida as that he lacks any contact with Florida. Indeed, the amended complaint, by which he was brought into the action, presages this deficiency by asserting that he is a resident of St. Thomas in the *289 Virgin Islands and that he may hold an interest as a mortgagee in the vessel on which appellee was injured during a pleasure cruise on which she was an invitee.
The vessel was built in New York for appellant in the early 1980's and sold by him to one Maury Goldberg who was a defendant in the action below. The sale took place in New York, and as a result of the sale, appellant took back a first preferred ship's mortgage. Since then the buyer has apparently defaulted. Appellant once visited the vessel in Florida in 1988 to ascertain whether to foreclose. We see no contacts with Florida sufficient for assertion of judicial jurisdiction over this non-resident.
Moreover, surely it cannot be said that appellant has purposefully availed himself of the privilege of carrying on business activities within this state, so that he might reasonably expect to be sued here. The Supreme Court has made it plain in several decisions that purposeful availment is the predicate for any assertion of long-arm jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because the pleadings and evidence show utterly no contacts and no purpose to have any contacts in Florida, this state lacks personal jurisdiction over him.
We reject dismissal of this appeal and reverse the final order denying relief from the judgment entered in this case.
REVERSED.
GLICKSTEIN and STONE, JJ., concur.
NOTES
[1] "The trial court entered a final judgment of forfeiture on July 6, 1990. On July 16, 1990, the respondent * * * timely filed a motion for rehearing of this judgment." 578 So.2d at 727. Indeed as the third district noted, the context of the issue it addressed arose from the supreme court's holding in Williams v. State, 324 So.2d 74 (Fla. 1975), which concerned notices of appeal filed prematurely, before a judgment has actually been entered. Dictum in Williams had led some to believe that its holding had impliedly revoked the old principle that the filing of a notice of appeal operated as an abandonment of the post-trial motions pending when the notice was filed. In re Forfeiture held that the abandonment rule was still good law, notwithstanding the apparent dictum, and its holding, as have seen, has since been written into rule 9.020(g). See In re Amendments to Florida Rule of Appellate Procedure, 609 So.2d 516, 521-22 (Fla. 1992).

The third district opinion in In re Forfeiture speaks of a "timely filed motion for re-hearing." Actually the timeliness of a motion under rule 1.530 is tied solely to service of the motion, not its filing. Fla.R.Civ.P. 1.530(b) ("A motion for new trial or rehearing shall be served not later than 10 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action." [e.s.]) The day of filing of such a motion is largely irrelevant.
[2] Unlike rules 1.480(b) and 1.530(b), which require the motion to be made or served within 10 days, rule 1.540(b) allows the motion to be made "within a reasonable time," which for some of its grounds may not exceed 1 year.