STONE, Chief Judge.
Rodney Bell appeals a circuit court order granting Broward County’s petition for writ of certiorari and quashing an order of the Broward County Personnel Review Board (“the board”). Although Bell directly appealed the order, we treat it as a petition for writ of certiorari. Eberhardt v. Eberhardt, 590 So.2d 1134 (Fla. 4th DCA 1992). As such, our review is limited to whether the circuit court departed from the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). We grant the petition for certiorari and quash the order of the trial court.
Bell worked for Broward County until December 1993 when he was fired for insubordination. The termination resulted from Bell’s attempt to tape record a meeting with his supervisor. Bell placed a microphone in the supervisor’s face and refused to cease taping, despite the supervisor’s repeated requests.
After an evidentiary hearing, the board upheld Bell’s termination, finding that his insubordination constituted a major offense. The board also recommended that the county “clearly communicate and uniformly apply” its policy regarding the tape recording of meetings to all county employees. Thereafter, one of the board members who voted to *723 uphold the termination timely filed a motion to reconsider whether Bell had a right to tape the meeting. A Broward County ordinance allowed the board to set aside its order upon motion of a board member within five days after the rendition of the order.
While the motion to reconsider was pending, Bell filed a petition for writ of certiorari in the circuit court for review of the order. Nine days later, the board entered an order on its motion to reconsider. That order did not specifically address Bell’s right to tape the meeting but stated that the insubordination was not severe enough to warrant termination. The board ordered the county to reinstate Bell in a comparable position. The county then filed a petition for writ of certio-rari with the circuit court, claiming that Bell divested the board of its jurisdiction to modify the original order when he filed his petition for writ of certiorari. The circuit court agreed and quashed the second order, citing In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla.1991), and First Union National Bank of Florida v. Yost, 622 So.2d 111 (Fla. 1st DCA 1993).
In those eases, the parties abandoned their own post-final judgment motions by filing notices of appeal. Here, Bell did not file the motion to reconsider and had no notice that such a motion had been filed. See Fla. R.App. P. 9.020(h)(8) (a notice of appeal is an abandonment of motion filed by party who files notice of appeal). Therefore, Yost and In re Forfeiture of $104,591 are not applicable. Rather, we deem Bell’s petition analogous to a premature appeal. Florida Rule of Appellate Procedure 9.110(m) is instructive; it does not divest the lower tribunal of its ability to render a final order merely because a premature notice of appeal has been filed. Because the board reconsidered the order on its own motion, Bell’s petition for writ of certiorari, similar to a premature notice of appeal, did not divest the board of jurisdiction.
We do not address whether the result reached by the circuit court may be correct for other reasons, including whether the county was deprived of due process for lack of notice and whether the board’s order exceeded the scope of the motion before it, as such were not addressed by the circuit court. We remand for further proceedings consistent with this opinion.
KLEIN and GROSS, JJ., concur.