PER CURIAM.
Ernest McDuffie, doing business as D & M Contracting Company, appearing pro se, timely appeals a final summary judgment in favor of the City of Jacksonville, appellee, entered on April 3,1998 in appel-lee’s action for foreclosure of real property in which McDuffie held an interest. An attachment to appellant’s initial brief reflects that the April 3, 1998 final summary judgment was vacated by the trial court on June 29, 1998. Thereafter, the City filed a second amended complaint in the same action and, on November 24,1998, the trial court entered final judgment on that second amended complaint. The City indicates in its answer brief that the April 3, 1998 foreclosure judgment was vacated because it contained an incorrect legal description of the subject property. Appellant has neither filed a notice of appeal with regard to the November 24, 1998 judgment nor sought to amend his notice of appeal. Sua sponte, this court ordered appellant to show cause why the appeal should not be dismissed because the order before this court was not a final order or an appealable non-final order.
Upon review of appellant’s response to the order to show cause and the record on appeal, we conclude that the final summary judgment dated April 3, 1998 was a final order and that on June 29, 1998 the trial court was without authority to vacate, that order. See First Union Nat’l Bank of Florida v. Yost, 622 So.2d 111 (Fla. 1st *1202 DCA 1993)(relief from judgment due to mistake, newly discovered evidence, and so on, may not be obtained if appellate jurisdiction has been invoked); Georges v. Insurance Technicians, Inc., 486 So.2d 700 (Fla. 4th DCA 1986)(pendency of appeal from final judgment removed trial court’s jurisdiction to grant motion to vacate a judgment). Thus, we have jurisdiction to review the April 3, 1998 order. On review of the order on appeal, finding no merit to the arguments presented, we affirm the final summary judgment of foreclosure entered on April 3, 1998. Our affirmance, however, is without prejudice to the filing of a motion to correct the judgment on remand.. See Rule 1.540(a), Fla. R. Civ. P.
AFFIRMED.
KAHN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.