# Third District Court of Appeal

**State of Florida**

Opinion filed November 19, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D11-2586
Lower Tribunal No. 10-47730
_____

**U.S. Bank National Association, as Trustee for CSF Heat 2006-6,**
Appellant,

vs.

**Patrick Whyte, et al.,**
Appellees.

A Appeal from a non-final order from the Circuit Court for Miami-Dade County, Amy Steele Donner, Judge.

Marinosci Law Group, and Bart Heffernan, (Fort Lauderdale), for appellant.

Peter Kneski, for appellees.

Before WELLS and SUAREZ, JJ., and LEVY, Senior Judge.

WELLS, Judge.

In this mortgage foreclosure action, U.S. Bank National Association, as Trustee for CSFB Heat 2006-6 ("U.S. Bank"), the plaintiff below, appeals from an order striking its pleadings and dismissing this case with prejudice for failure to comply with a discovery order. For the following reasons, we reverse.

Patrick Whyte allegedly defaulted on his home mortgage in May 2010 and has not made a payment thereon since. On September 1, 2010, as the holder of the original note and mortgage, U.S. Bank filed this foreclosure action against him seeking the $109,472.79 in principal then due and owing on the loan. Defense counsel moved to dismiss the complaint and propounded discovery on the Bank, including a request for production.[1] In May of 2011, when the Bank, then represented by the Law Offices of David J. Stern, P.A., did not respond to the discovery requests, defense counsel filed a motion to compel.

On June 9, 2011, the trial court entered an order granting the motion to compel, ordering the Bank to serve and file a formal response to the request for production within ten days and to produce all documents requested. The trial court also awarded defense counsel $500 in attorney's fees as a sanction to be paid by the Bank. At some point after the June 9, 2011 order was entered, the Bank

---

[1] The record does not reflect whether the trial court ever ruled on the motion to dismiss. However, it is clear that Whyte never filed an answer to the complaint in this matter.

retained new counsel, the Marinosci Law Group, P.C., to replace the Law Offices of David J. Stern.[2]

On June 23, 2011, Whyte filed his first Motion to Strike Pleadings, for Sanctions and for Entry of Judgment in Favor of Defendant for failure to comply with the June 9, 2011 order. Several days later, the Bank's new counsel responded to Whyte's document request. The hearing on the motion to strike and for sanctions was cancelled with the trial court entering an agreed order on August 7, 2011, giving the Bank until August 15th to pay the $500 sanction previously ordered.

When the $500 was not paid by August 15th, Whyte renewed his motion to strike, for sanctions, and for entry of judgment. The motion was noticed for hearing on September 1st. However, before the hearing could take place, on August 22nd, an associate lawyer for the Marinosci Law Group overnighted a $500 check to defense counsel and also sent correspondence requesting that the motion to strike be cancelled.

Although the $500 check was received on August 23rd thereby satisfying the sanction order, albeit a few days late, and well before the September 1st hearing set on the motion to compel compliance, Whyte neither cancelled the hearing as

---

[2] David J. Stern has since been disbarred by the Florida Bar.

requested nor notified counsel for the Bank that he was moving forward on his sanction request.

Believing that the sanction had been satisfied and that no hearing would take place, no one from the Marinosci Law Group appeared at the September 1st hearing at which an order striking the Bank's pleadings and entering judgment in Whyte's favor was entered "for [the Bank's] failure to comply with court order."[3]

As this court has stated on more than one occasion, dismissal of an action as a sanction for failure to comply with discovery orders must be reserved for only the most extreme circumstances. See Ledo v. Seavie Resources, LLC, 39 Fla. L. Weekly D1994 (Fla. 3d DCA Sep. 17, 2014) (confirming that while the imposition of sanctions is discretionary, dismissal of an action for failure to comply with orders compelling discovery should be reserved for only the most extreme circumstances); Toll v. Korge, 127 So. 3d 883, 887 (Fla. 3d DCA 2013) ("Dismissing an action for failure to comply with discovery orders is 'the most

---

[3] Because the Bank did not receive the dismissal order until after the time for filing a Florida Rule of Civil Procedure 1.530 motion had expired, it filed a Florida Rule of Civil Procedure 1.540 motion seeking relief from the order of dismissal. In that motion, the Marinosci Law Group advised the trial court that "due to a mistake and/or excusable neglect counsel missed the hearing on this matter." More particularly, affidavits from two attorneys at the Marinosci Law Group confirmed that because of miscommunication, the partner tasked with attending the September 1st hearing believed that it had been cancelled upon payment of the $500 sanction. On September 30, 2011, the Bank appealed from the order of dismissal. The Rule 1.540 motion remains pending. See Kennedy v. Alberto, 649 So. 2d 286, 287 (Fla. 4th DCA 1995) (confirming that an appeal from a final order abandons only pending motions that toll rendition).

severe of all sanctions which should be employed only in extreme circumstances'"

(quoting Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004))).

In this case, the trial court dismissed the Bank's action for an eight day delay in complying with an order requiring payment of a $500 fine imposed for a discovery violation. Where a court sanctions a party for its own failure to comply with court orders, the court must expressly determine and find willful or deliberate disregard of its authority:

> The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. See Commonwealth Fed. Savings & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla.1990). Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation. See id. at 1273.

Ham, 891 So. 2d at 495, 496 (Fla. 2004). Here, the failure is neither an extreme circumstance nor conduct which rises to the level of willful, deliberate, contumacious behavior that would justify imposition of such a sanction. See Aurora Loan Servs., LLC v. Ramirez, 120 So. 3d 1260, 1260 (Fla. 3d DCA 2013) (reversing sanction for a discovery violation in part because the record did not "support a conclusion that the discovery violation was a willful and deliberate one as required by law"). For this reason alone, we must reverse.

Moreover, to the extent the Bank's attorneys were responsible for the failure to comply with the discovery orders, neither the record nor the order on appeal demonstrate that the trial court considered the factors mandated by Kozel v. Ostendorf, D.P.M., 629 So. 2d 817, 818 (Fla. 1994), before what that Court described as the "ultimate sanction" reserved for "those aggravating circumstances in which a lesser sanction would fail to achieve a just result," might be imposed:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.

Failure to address the Kozel factors when sanctioning a party for the misconduct of its attorney mandates reversal. See Deutsche Bank Nat'l Trust Co. v. Parada, 139 So. 3d 406, 406 (Fla. 3d DCA 2014) (finding the trial court erred in dismissing a foreclosure action as a sanction for discovery violations "because the trial court failed to make the express factual findings required under Kozel" and because "the factors of willfulness, responsibility and prejudice" were not considered); Portofino Prof'l Ctr. v. Prime Homes at Portofino, 133 So. 3d 1112, 1114 (Fla. 3d DCA 2014) (concluding that "a court must first consider each of the Kozel factors

6

before it may dismiss a cause as a sanction," and then should "include in its written order findings of fact with respect to each factor"); Arkiteknic, Inc. v. United Glass Laminating, Inc., 53 So. 3d 366, 367 (Fla. 3d DCA 2011) (reversing final default judgment and order striking pleadings where the court failed to consider and apply all six Kozel factors).

Finally, and again as the Florida Supreme Court has made clear, "dismissal is far too extreme as a sanction in those cases where discovery violations have absolutely no prejudice to the opposing party." Ham, 891 So. 2d at 499. In this case, neither the Bank's failure to timely respond to discovery nor its failure to timely pay the monetary fine imposed because of that failure prejudiced Whyte in any manner. Whyte got the money; Whyte has never answered the complaint; Whyte is living "rent free" in a home financed by the Bank and for which it has allegedly received no payments since at least September 2010; and Whyte has not claimed, nor did the court below find, that Whyte could not respond to the Bank's complaint because the Bank either failed to timely respond to discovery or failed to pay the $500 fine.

Accordingly, the order on appeal is reversed.