616 So.2d 1123 (1993)
Stanley Roger TUNSTALL, Appellant,
v.
Jimmy FOLSOM, Appellee.
No. 92-3449.
District Court of Appeal of Florida, First District.
April 13, 1993.
Stanley Roger Tunstall, appellant, in pro. per.
Judy Bone, Asst. Gen. Counsel, Department of Corrections, for appellee.
PER CURIAM.
Stanley Tunstall petitioned the circuit court for a writ of mandamus, arguing that he was improperly being denied certain gain time by appellee, superintendent of Jackson Correctional Institution. The petition was dismissed on September 2, 1992, for failure to demonstrate exhaustion of administrative remedies. Petitioner's motion for rehearing was denied on September 24 and a notice of appeal was filed with the clerk of the lower tribunal on October 2, 1992. The notice states that review is sought of the order which denied rehearing.
Appellee moved for dismissal of the appeal for lack of jurisdiction, arguing in the alternative that the order of dismissal is not final and that the notice of appeal identifies an order which is not appealable, the order denying rehearing, as the order to be reviewed. We find these arguments to be without merit. The order of September 2 is captioned as an "Order Dismissing Petition for Writ of Mandamus" and the decretal portion of the order states that "it is hereby ordered and adjudged that the petition for writ of mandamus is dismissed." This language is clearly sufficient to mark the order as a final order subject to our review pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). It is not, as characterized by appellee, an order which merely granted a motion to dismiss.
*1124 We also find that appellant's mistake in identifying the order on rehearing, rather than the order of September 2, as the order to be reviewed, is not a jurisdictional defect. If the notice of appeal gives sufficient information from which it can be determined, with a reasonable degree of certainty, which order is being appealed, technical defects in the notice that neither affect jurisdiction nor mislead or prejudice the appellee do not require dismissal. Aguiar v. Doral Hotel and Country Club, 599 So.2d 698, 701 (Fla. 1st DCA 1992). The Third District Court of Appeal, sitting en banc, addressed the question presented here, whether a notice of appeal which identifies an order on post-trial motions as the one to be reviewed is jurisdictionally defective, in Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981) and concluded it was not. We agree with the reasoning and result in Puga, and for the above reasons we deny appellee's motion to dismiss this appeal for lack of jurisdiction.
On the other hand, the trial court did not err when it denied the petition for failure to exhaust administrative remedies. We therefore affirm the order of September 2, 1992, but without prejudice to Tunstall's right to file a new petition in circuit court which demonstrates that he has exhausted available administrative remedies.
JOANOS, C.J., and WOLF and KAHN, JJ., concur.