789 So.2d 1215 (2001)
Clint McQUAIG and Pam McQuaig, Appellants,
v.
WAL-MART STORES, INC., Appellee.
No. 1D00-3849.
District Court of Appeal of Florida, First District.
July 20, 2001.
James J. Egan, Jacksonville, for Appellants.
Jeffrey P. Gill of Vernis & Bowling, Pensacola, for Appellee.

ORDER OF DISMISSAL
PER CURIAM.
On September 27, 2000, Clint McQuaig and Pam McQuaig, on behalf of their minor child, Cameron McQuaig, filed a notice of appeal of a Final Summary Judgment entered on August 16, 2000 and of a Final Judgment entered on August 28, 2000. Sua sponte, we ordered appellants to show cause why the appeal should not be dismissed as untimely filed. See rule 9.110(b), Fla. R.App. P. After consideration of the appellants' response, we dismiss this appeal.
An order which merely grants a motion for summary judgment, without more, is not an appealable final order. See Bowman v. State Farm Mut. Auto. Ins. *1216 Co., 599 So.2d 273 (Fla. 5th DCA 1992). In the August 16, 2000 Final Summary Judgment, the trial court did more than merely granting the appellee's motion. The court made findings of fact and conclusions of law and ordered that "final summary judgment is hereby entered in favor of Wal Mart." We have stated that such self-executing, unequivocal language of finality is sufficient to constitute a final order. See Monticello Ins. Co. v. Thompson, 743 So.2d 1215, 1216 (Fla. 1st DCA 1999)("[W]ithout language in the order which `hereby enters' a judgment, or similar unequivocal language of finality ... we do not possess jurisdiction...."). We recognize that the August 28, 2000 Final Judgment included additional language of finality by providing that "Plaintiffs ... shall take nothing by this action and that defendant ... shall go hence without day." In the August 28 Final Judgment, the trial court did not, however, vacate the August 16 Final Summary Judgment. Further, the additional language in the August 28 Final Judgment was not essential to render the judgment final for the purposes of appellate review, see State Farm Mutual Auto. Ins. Co. v. Open MRI of Orlando, Inc., 780 So.2d 339, 341 (Fla. 5th DCA 2001), and, with respect to the matters addressed in the orders appealed here, no other judicial labor remained to be done by the trial court after the entry of the August 16, 2000 Final Summary Judgment.
The notice of appeal being untimely filed, we have no jurisdiction to hear this appeal. See Peltz v. District Court of Appeal, Third District, 605 So.2d 865, 866 (Fla.1992). Accordingly, this appeal must be, and is hereby, DISMISSED.
DAVIS, VAN NORTWICK AND POLSTON, JJ., CONCUR.