828 So.2d 468 (2002)
Mary J. BOYD, et al., Appellants,
v.
Ronald GOFF, et al., Appellees.
No. 5D01-3389.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
*469 Jonathan Rotstein, Daytona Beach, and Bill McCabe, Longwood, for Appellants.
Richard W. Smith and Jamie Billottee Moses, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellees.
PLEUS, J.
This case is a good example of why it is important to understand what a court order does and not focus only on how the order is labeled. On September 25, 2001, the trial court entered an "Order Granting Final Summary Judgment." The label perhaps is misleading because the order grants the appellee, Metra Electronic's motion for summary judgment but continues with the following language: "3. Final Summary Judgment is entered herein in favor of Defendant Metra Electronics Corporation and against the Plaintiffs."
On November 1, 2001, the trial court signed a "Final Summary Judgment." It reads: "It is adjudged that Judgment shall be entered in favor of Defendant Metra Electronics Corporation and against the Plaintiffs who shall take nothing by this action and that the Defendant Metra Electronics Corporation shall go hence without day."
On November 8, 2001, 44 days after entry of the initial "Order Granting Final Summary Judgment," the plaintiffs appealed the "Final Summary Judgment," which had been entered on November 1, 2001. Sua sponte, this court issued an order to show cause why the appeal should not be dismissed as one that is untimely in that the appeal was not filed within 30 days of the entry of a final order. Fla. R.App. P. 9.110(b). The appellants responded that the order of September 25, 2001 was not an appealable order because it merely granted the motion for summary judgment. In fact, it does more.
"An order which merely grants a motion for summary judgment, without more, is not an appealable final order." McQuaig v. Wal-Mart Stores, Inc., 789 So.2d 1215 (Fla. 1st DCA 2001). While titled an "Order Granting Summary Judgment," this order did more than grant the appellants' motion. The order specified that certain counts of the complaint, those that were against Metra, were dismissed and that, "Final Summary Judgment is entered herein in favor of Defendant Metra Electronics Corporation and against the Plaintiffs."
In State Farm Mutual Automobile Ins. Co. v. Open MRI of Orlando, Inc., 780 *470 So.2d 339 (Fla. 5th DCA 2001), this court found an order with nearly the exact language constituted an appealable final order. The instant order, like the one in State Farm, was self-executing and the language employed "did not contemplate any further judicial labor with regard to the rights of the parties, and is sufficient under the case law to establish finality." Id. at 340. The "Order Granting Final Summary Judgment," being a final one, needed to be appealed within 30 days of its entry.
In that the notice of appeal was untimely, we lack jurisdiction to hear the appeal. McQuaig. Accordingly, this appeal is dismissed.
APPEAL DISMISSED.
COBB and PALMER, JJ., concur.