933 So.2d 675 (2006)
Stephanie S. HICKOX, Appellant,
v.
Michael S. TAYLOR and Michelle L. Taylor, Husband and Wife; Michael Dees, and Gordon D. Dees and Sharon W. Dees, Husband and Wife, Appellees.
No. 1D06-1238.
District Court of Appeal of Florida, First District.
July 13, 2006.
Christal L. Fish of Hayden & Facciolo, P.A., Fernandina Beach, and Calvin E. Hayden, of Hayden and Facciolo, P.A., Jacksonville, for Appellant.
Wesley R. Poole, of Poole & Poole, P.A., Fernandina Beach, for Appellees.
PER CURIAM.
Upon consideration of the appellant's response to the Court's order of March 30, 2006, as well as the appellees' reply thereto, the Court has determined that it lacks jurisdiction to review the order on appeal.
The appellant has sought review of an Order Granting Plaintiffs' Motion for Partial Summary Judgment. However, because the order merely grants a motion for summary judgment and fails to actually enter judgment, it is not a final appealable order. Compare McQuaig v. Wal-Mart Stores, Inc., 789 So.2d 1215 (Fla. 1st DCA 2001), with Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995). The appeal is also untimely. Although the appellant's motion for rehearing of the order on appeal was served within ten days of the filing of the order pursuant to Florida Rule of Civil Procedure 1.530(b), the motion was unauthorized because it sought rehearing of a nonfinal order. Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1 (Fla.1972). Thus, the motion for rehearing failed to delay rendition of the underlying order and the appellant's notice of appeal, which was filed more than 30 days after the order was filed, was consequently untimely. Fla. R.App. P. 9.020(h). Accordingly, the appeal is hereby dismissed for lack of jurisdiction.
In light of the dismissal, the appellant's motion for extension of time to file the initial brief, filed on May 17, 2006, is denied as moot.
BENTON, POLSTON, and THOMAS, JJ., concur.