DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOIS ZELMAN,**
Appellant,

v.

**MARTIN ZELMAN, ROBERT ZELMAN,** individually and as co-guardian of the property of Martin Zelman, **LISA HELD,** individually and as limited guardian of the person of Martin Zelman, and **CURTIS ROGERS,** as co-guardian of the property of Martin Zelman,
Appellees.

No. 4D14-1858

[July 1, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Diana Lewis, Judge; L.T. Case Nos. 502014GA000107XXXXMB and 502014MH00455XXXXMB .

Philip M. Burlington and Nichole J. Segal of Burlington & Rockenbach, P.A., and J. Grier Pressly III of Pressly & Pressly, P.A., West Palm Beach, for appellant.

Matthew Triggs and Jessica Zietz of Proskauer Rose, LLP, Boca Raton, and Patricia K. Allen of Patricia K. Allen, P.A., West Palm Beach, for appellee, Martin Zelman.

Jane Kreusler-Walsh and Rebecca Mercier Vargas of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Peter A. Sachs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, and Michael W. Connors of Michael W. Connors, P.A., North Palm Beach, for appellees, Robert Zelman, individually and as co-guardian of the property of Martin Zelman, Lisa Held, individually, and as limited guardian of the person of Martin Zelman, and Curtis Rogers, as co-guardian of the property of Martin Zelman.

GROSS, J.

Appellee Robert Zelman filed petitions with the probate court seeking determinations that his 85-year-old father, Martin Zelman, was incapacitated and requesting the appointment of guardians of person and

property. Aside from allegations of odd behavior and diminishing capacity, the petitions complained that Martin's wife, appellant Lois Zelman, was taking advantage of Martin's feeble state and isolating him from his children, in part to take control of his substantial assets. One such exhibition of control was that Lois prevented Martin from removing $3 million he had accidentally deposited in the couple's joint bank account.

Following a series of hearings, the trial court entered orders determining that Martin was incapacitated and that limited guardians of person and property were needed. Those orders are the subjects of two other cases, consolidated with this appeal for record purposes only.

At the close of a hearing focusing on Martin's incapacity and the appointment of a guardian, the trial court *sua sponte* ordered that $3 million be removed from the couple's bank account and placed in Martin's solely-owned revocable trust. It is this order that is the subject of this appeal.

We reverse for two reasons—because (1) the trial court granted relief not requested in the operative pleadings, and (2) Lois's due process rights were violated because she was not provided with a meaningful opportunity to be heard on this issue at the guardianship proceedings.

"[T]he constitutional guarantee of due process requires that each litigant be given a full and fair opportunity to be heard." *Vollmer v. Key Dev. Props., Inc.*, 966 So. 2d 1022, 1027 (Fla. 2d DCA 2007) (citations omitted). At its core, due process envisions "a law that hears before it condemns, proceeds upon inquiry, and renders judgment only after proper consideration of issues advanced by adversarial parties." *Scull v. State*, 569 So. 2d 1251, 1252 (Fla. 1990) (citing *State ex. rel. Munch v. Davis*, 196 So. 491, 494 (Fla. 1940)). "[D]ecid[ing] matters not noticed for hearing and not the subject of appropriate pleadings'" contravenes these principles. *Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC*, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) (quoting *Mizrahi v. Mizrahi*, 867 So.2d 1211, 1213 (Fla. 3d DCA 2004)).

The trial proceedings in this case were the antithesis of due process. None of the petitions referenced the $3 million, nor did they request action be taken upon it. None of the parties ever requested such a remedy—at least not until the trial judge made her *sua sponte* ruling. The only issues set for determination involved Martin's alleged incapacity and who should be appointed guardian. Evidence of the $3 million transfer was presented to show why Martin needed a guardian of his person. The fact that Martin "misplaced" $3 million demonstrated his inability to manage his assets.

But such evidence did not justify the immediate transfer of the funds—especially after proceedings where, according to the trial judge, Lois was not even a party.

Here, Lois did not have sufficient prior notice that the money in the joint account was at risk. The due process problem was compounded because Lois was not allowed to call witnesses and submit evidence at the hearing and her ability to cross examine witnesses was severely curtailed.

We therefore reverse the April 24, 2014 order compelling the transfer of $3 million from Martin and Lois's joint account to Martin's Revocable Trust.

CIKLIN, C.J., and STEVENSON, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***