# Third District Court of Appeal

## State of Florida

Opinion filed August 26, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1678
Lower Tribunal No. 14-21682

_____

## GMI, LLC, etc.,
Appellant,

vs.

## Asociacion del Futbol Argentino, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Salpeter Gitkin, LLP, and James P. Gitkin and Joseph H. Rose (Fort Lauderdale), for appellant.

Atkinson & Brownell, P.A., and John Bond Atkinson and Krystina N. Jiron; Dorsey & Whitney, LLP, and Juan C. Basombrio and Karen A. Morao (Costa Mesa, Calif.), for appellee.


Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

GMI, LLC filed a notice of appeal seeking review of an order captioned "Order Granting Defendant's Motion to Dismiss" which it characterized as a final order. The body of the order reads in its entirety:

> This cause having come to be heard on July 17, 2015 on Defendant's motion to dismiss amended complaint and the court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon ORDERED and ADJUDGED that said motion be and same is hereby granted. Plaintiff is not granted leave to amend.

An order that merely grants a motion to dismiss is not a final order. Bd. of Cnty. Comm'rs of Madison Cnty. v. Grice, 438 So. 2d 392, 394 (Fla. 1983) ("An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is."). This is true even if the order grants the motion "with prejudice." Gries Inv. Co. v. Chelton, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980) ("An order granting a motion to dismiss is not final and not appealable. We reject [Appellant's] contention that the addition of the words 'with prejudice' makes the order final."). For an order to be final, it must constitute an entry of a dismissal of the case. It is the dismissal of the case that is final and appealable, not an order simply granting a motion. Id.

As a plain reading indicates, the order under appeal merely grants a motion; it does not contain language that dismisses the case. Accordingly, it is not a final order and the notice of appeal is premature.

2

An order dismissing a case could be modeled, with necessary modifications, after the Order Dismissing Case for Lack of Prosecution contained in The Forms for Use with Rules of Civil Procedure, which the Florida Supreme Court has placed at the end of the Florida Rules of Civil Procedure. An appropriate order dismissing a case could be captioned "Final Order Dismissing the Case [or Complaint]," although the caption is not controlling. See Boyd v. Goff, 828 So. 2d 468 (Fla. 5th DCA 2002). Its body might read "The motion to dismiss is granted. The plaintiff [name]'s complaint and case against defendant [name] are dismissed. The court reserves jurisdiction to consider a timely motion for costs and attorney's fees."

Although the appeal in this case is premature because the order appealed is not final, Florida Rule of Appellate Procedure 9.110(l) provides "[b]efore dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal." We exercise that discretion here and grant GMI thirty days to obtain a final order from the trial court and to file an amended notice of appeal. Chelton, 388 So. 2d at 1282 n.4. Failure to timely comply with this order will cause this appeal to be dismissed. This decision does not affect the progress of the appeal.