IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF NEW YORK MELLON F/K/A
BANK OF NEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF THE CWABS, INC.,
ASSET-BACKED CERTIFICATES, SERIES 2007-2,

       Appellant,

 v.                                    Case No. 5D16-139

JOSEPH A. SWAIN and VICTORIA SWAIN,

       Appellees.

_____/

Opinion filed April 21, 2017

Appeal from the Circuit Court for
Seminole County,
Edwin P.B. Sanders, Senior Judge.

Roy A. Diaz, of SHD Legal Group, P.A., Fort
Lauderdale, for Appellant.

Mark P. Stopa, of Stopa Law Firm, LLC,
Tampa, and Latasha Scott, of Lord Scott,
PLLC, Tampa, for Appellees.

WEISS, K., Associate Judge.

Bank of New York Mellon ("the Bank") appeals from an order granting a "motion to adjudicate finality" that purported to enter final summary judgment of foreclosure in favor of Joseph and Victoria Swain ("the Swains"). This order followed a written order issued several months earlier, which granted summary judgment in the Swains' favor and dismissed the case without prejudice to the Bank filing a new lawsuit.[1] The Swains have

_____

[1] The Bank filed a motion for rehearing as to the initial order, which the trial court denied more than three months before the Bank moved to "adjudicate finality."

filed a motion to dismiss the appeal, arguing that the Bank's appeal is untimely because the initial summary-judgment order was a final, appealable order, rendering the order on the motion to adjudicate finality a nullity. We agree.

If an order merely grants a motion for summary judgment, without doing more, it is not an appealable, final order. Boyd v. Goff, 828 So. 2d 468, 469 (Fla. 5th DCA 2002) (quoting McQuaig v. Wal-Mart Stores, Inc., 789 So. 2d 1215 (Fla. 1st DCA 2001)). However, when, as here, there is evidence of finality on the face of the summary judgment order, it will be deemed a final order for appellate purposes. Getman v. Tracey Const., Inc., 62 So. 3d 1289, 1291 (Fla. 2d DCA 2011); Boyd, 828 So. 2d at 469. "An order dismissing an action without prejudice and without granting leave to amend is a final appealable order." Valcarcel v. Chase Bank USA NA, 54 So. 3d 989, 990 (Fla. 4th DCA 2010). That is the situation here. The focus is on "what a court order does" and not "how the order is labeled." Boyd, 828 So. 2d at 469.

A notice of appeal must be filed within thirty days of rendition of the order to be reviewed; otherwise, this Court lacks jurisdiction to entertain the appeal. See Fla. R. App. P. 9.110(b); Rayburn v. Bright, 163 So. 3d 735, 737 (Fla. 5th DCA 2015). The initial summary-judgment order was a final, appealable order from which the Bank did not timely appeal. The Bank filed its appeal more than nine months after that initial order—and more than three months after the denial of the motion for rehearing. Accordingly, we dismiss this appeal for lack of jurisdiction.

DISMISSED.

PALMER and ORFINGER, JJ., concur.

2