# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1286
Lower Tribunal No. 16-8613
_____

**Juan Pablo Salgado,**
Appellant,

vs.

**Karla Suyapa-Jimenez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Sarah Zabel, Judge.

Law Office of Luis E. Reynoso, P.A., and Luis E. Reynoso, for appellant.

Corona Law Firm, P.A., and Ricardo R. Corona and Nina Tarafa, for appellee.

Before ROTHENBERG, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Juan Pablo Salgado, the petitioner below, appeals a May 5, 2017 trial court order ("May 5, 2017 Order") denying Salgado's post-trial motion seeking rehearing of a March 15, 2017 Order on Father's Petition to Establish Paternity and for Related Relief ("March 15, 2017 Order"). While we affirm all issues on appeal without further comment, we write only to address briefly the appellee's erroneous contention that we lack jurisdiction to review the March 15, 2017 Order.

**Relevant Facts and Procedural Background**

In April 2016, Salgado filed a Petition to Determine Paternity, Custody, Visitation, Child Support and for Related Relief in the family division of the circuit court. The matter proceeded to final hearing on February 3, 2017, after which the trial court rendered the March 15, 2017 Order. Therein, the trial court effectively resolved all of the issues raised in Salgado's petition with respect to paternity of the parties' minor children, the minor children's relocation to Texas with the appellee, the establishment of a parenting plan, and the establishment of a timesharing schedule.

Salgado then timely filed his motion for rehearing,[1] alleging that, in rendering the March 15, 2017 Order, the trial court erred by failing to consider

---

[1] Florida Family Law Rule 12.530(a) provides:

> **(a) Jury and Non-Jury Actions**. A new trial or rehearing may be granted to all or any of the parties and on all or a part of the issues. On a motion for rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been

2

certain required factors regarding the best interest of the child and by failing to follow the recommendations of the guardian ad litem. Salgado's rehearing motion also alleged that new evidence had come to light since the final hearing that warranted further hearing of the matter. In her response – wherein the appellee repeatedly acknowledged that the March 15, 2017 Order was a final judgment – the appellee argued that Salgado's rehearing motion should be denied for failure to set forth any appropriate ground for seeking rehearing of the March 15, 2017 Order (i.e., an error, omission or oversight).

On May 5, 2017, the trial court, without a hearing,[2] entered the May 5, 2017 Order denying Salgado's rehearing motion and, on June 3, 2017, Salgado filed a notice of appeal with this Court, designating the May 5, 2017 Order as the order being appealed. Then, on June 12, 2017, for reasons that are not clear from the record, the trial court rendered a Final Judgment on Father's Petition to Establish Paternity and for Related Relief ("June 12, 2017 Order"). This June 12, 2017

---

entered, take additional testimony, and enter a new judgment.

[2] Rule 12.530(f) provides:

> **(f) Hearing on Motion.** When any motion for rehearing or new trial is filed, the court must initially make a determination if a hearing on the motion is required. If a hearing is required, the court must provide notice of the hearing on the motion for rehearing or new trial. If the court determines that a hearing is not required, then the court must enter an order granting or denying the motion in accordance with this rule.

3

Order is *identical* to the March 15, 2017 Order, save for the change to the title (from "Order" to "Final Judgment").[3] At no time did Salgado seek to amend his June 3, 2017 notice of appeal to include the June 12, 2017 Order or to designate the March 15, 2017 order as the order being appealed.

## Jurisdictional Analysis

The appellee contends that this Court lacks jurisdiction to review either the March 15, 2017 Order or the June 12, 2017 Order, and that Salgado's appeal should be dismissed. Specifically, the appellee argues that the March 15, 2017 Order was a non-final, non-appealable order, and therefore, that Salgado's rehearing motion directed to same was unauthorized. The appellee also argues that Salgado never sought appellate review of the final judgment rendered in this case, i.e., the June 12, 2017 Order. We disagree.

In sum, despite its title, the March 15, 2017 Order ended the judicial labor in the case, and was a final, appealable order because it resolved all pending issues in Salgado's petition, thereby satisfying the test of finality.[4] Salgado's timely filed

[3] The trial court even entered the June 12, 2017 Order *nunc pro tunc* to the same date as the March 15, 2017 Order.

[4] "Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected." S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) (footnote omitted). The title of the order, judgment or decree is not controlling. See Bank of N.Y. Mellon for Certificateholders of CWABS, Inc. v. Swain, 217 So. 3d 226, 227 (Fla.

4

motion for rehearing directed toward the March 15, 2017 Order was authorized under rule 12.530(a), and tolled the rendition of the March 15, 2017 Order, thereby extending the thirty-day appellate period of this order until the trial court rendered an order disposing of Salgado's rehearing motion. See Fla. R. App. P. 9.020(i)(1);[5] Dann v. Dann, 24 So. 3d 791, 791 (Fla. 5th DCA 2009) (recognizing that a timely filed rule 12.530 motion for rehearing of a final order will suspend rendition of the final order pursuant to rule 9.020). Because the May 5, 2017 Order (disposing of Salgado's rehearing motion) is not separately reviewable from the March 15, 2017 Order to which it was directed, see Florida Rule of Appellate Procedure

---

5th DCA 2017) (providing that when applying the test of finality, the focus is on what the court order does, not on how the order is labeled); GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) ("An appropriate order dismissing a case could be captioned 'Final Order Dismissing the Case [or Complaint],' although the caption is not controlling."); Boyd v. Goff, 828 So. 2d 468, 469 (Fla. 5th DCA 2002) ("This case is a good example of why it is important to understand what a court order does and not focus only on how the order is labeled.").

[5] Rule 9.020(i)(1) provides:

> **(i) Rendition (of an Order).** An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion . . . for rehearing . . . , the following exceptions apply:

> (1) If such a motion or motions have been filed, the final order shall not be deemed rendered as to any existing party until the filing of a signed, written order disposing of the last of such motions.

5

9.130(a)(4), irrespective of Salgado's erroneous characterization of the order appealed, we properly treated Salgado's notice of appeal – purporting to appeal the May 5, 2017 Order – as appealing the March 15, 2017 Order, i.e., the final order to which Salgado's rehearing motion was directed.[6]   This Court therefore has jurisdiction to review this matter.

Finally, as for the June 12, 2017 Order – which the trial court labeled as a "Final Judgment" despite having previously entered an identical "judgment" – it appears this order is a nullity.  Once a party files a notice of appeal from a final order in a family law matter, the trial court is divested of jurisdiction to vacate or modify the very order under consideration by the appellate court.  See Campbell v. Campbell, 100 So. 3d 763, 764-65 (Fla. 4th DCA 2012) (concluding that the trial

---

[6] Tunstall v. Folsom, 616 So. 2d 1123, 1124 (Fla. 1st DCA 1993) ("We also find that appellant's mistake in identifying the order on rehearing, rather than the [final] order of September 2, as the order to be reviewed, is not a jurisdictional defect.  If the notice of appeal gives sufficient information from which it can be determined, with a reasonable degree of certainty, which order is being appealed, technical defects in the notice that neither affect jurisdiction nor mislead or prejudice the appellee do not require dismissal."); see also Ratner v. Miami Beach First Nat'l Bank, 362 So. 2d 273, 274 (Fla. 1978) ("[D]efects in the notice of appeal are not to be considered jurisdictional defects, or grounds for dismissal, unless the complaining party was substantially prejudiced."); Eisman v. Ross, 664 So. 2d 1128, 1129 (Fla. 3d DCA 1995) ("When Rule 9.110(d) (providing for notice of appeal) was crafted, it was 'intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.'" (quoting Fla. R. App. P. 9.110(d) 1977 Committee Note)); cf. Fla. R. App. P. 9.040(h) (providing that the "[f]ailure of a . . . party timely to file . . . the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional").

court lacked jurisdiction to vacate a final order setting forth the parties' parenting plan while an appeal of the final order was pending before the appellate court); Adams v. Adams, 676 So. 2d 526, 526-27 (Fla. 4th DCA 1996) (concluding the trial court was without jurisdiction to modify child support obligations awarded in a final judgment after the notice of appeal of the judgment was filed).

Affirmed.