# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1078
Lower Tribunal No. 15-26465
_____


**Ancla International, S.A.,**
Appellant,

vs.

**Tribeca Asset Management, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

Sardi Law, PLLC, and Carlos E. Sardi, for appellant.

Holland & Knight LLP, and Rebecca M. Plasencia, Adolfo E. Jimenez, and L. Vanessa Lopez, for appellee.


Before FERNANDEZ, and LINDSEY, JJ., and LEBAN, Senior Judge.

LINDSEY, J.

Ancla International, S.A., filed a notice of appeal seeking review of an order titled "Proposed Order Granting Motion to Dismiss[.]" The notice characterizes the order under review as a final order. See Fla. R. App. P. 9.110(d) ("The notice shall contain . . . the nature of the order to be reviewed."). Because an order that merely grants a motion to dismiss is not a final, appealable order, we ordered the parties to show cause why the appeal should not be dismissed. See GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) ("An order that merely grants a motion to dismiss is not a final order. . . . For an order to be final, it must constitute an entry of a dismissal of the case. It is the dismissal of the case that is final and appealable, not an order simply granting a motion.").

The parties have failed to show cause why this appeal should not be dismissed as premature;[1] however, we exercise our discretion and grant Ancla

---

[1]    Ancla argues that the trial court "wrongly labeled the order[,]" which "is not a basis to make an order non-final and unappealable." While it is true that the title of the order is not controlling, here the language in the order itself does not enter a dismissal or establish finality. Cf. Boyd v. Goff, 828 So. 2d 468, 469 (Fla. 5th DCA 2002) (finding that an "Order Granting Summary Judgment" was nevertheless final because it contained language *entering final judgment* in favor defendant).

Both parties also contend that the order is appealable as a non-final order pursuant to Rule 9.130(a)(3)(C)(iv) because the order determines "entitlement of a party to arbitration[.]" The parties only provide us with examples of interlocutory orders—such as orders denying motions to compel arbitration. See Philip J. Padovano, Florida Appellate Practice § 24:2 (2018 ed.) ("Rule 9.130 of the Florida Rules of Appellate Procedure authorizes interlocutory review by appeal as to a limited class of pretrial orders that could not be effectively reviewed on appeal

thirty (30) days to obtain a final order from the trial court and to file an amended notice of appeal. <u>See</u> Fla. R. App. P. 9.110(*l*).[2] Failure to comply with this order will result in the dismissal of this appeal. Oral argument in this case, which is set for Monday, March 18, 2019, is hereby cancelled but may, in this Court's discretion, be rescheduled upon the filing of a final order on appeal.

---

from the final judgment . . . ."). Here, the dismissal can effectively be reviewed on appeal from a final judgment; the appeal is simply premature because the trial court failed to enter a dismissal.

[2] **Rule 9.110(*l*) Premature Appeals**. Except as provided in rule 9.020(h), if a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal.