# Third District Court of Appeal

## State of Florida

Opinion filed December 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0689
Lower Tribunal No. 20-16097
_____

**Christophe Grozdanovic,**
Petitioner,

vs.

**Alliance RE Holdings, LLC,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Robert H. Yaffe, P.A., and Robert H. Yaffe, for petitioner.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Josh M. Rubens and Becky N. Saka, for respondent.

Before FERNANDEZ, LINDSEY, and GORDO, JJ.

PER CURIAM.

Appellant Christophe Grozdanovic appeals from an order granting partial summary judgment on one of Appellee Alliance RE Holdings, LLC's two claims brought under Florida's Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes (2023). The trial court granted summary judgment on Alliance's claim under § 726.106(2) but denied summary judgment on Alliance's claim under § 726.105(1) "because there are genuine issues of material fact in dispute regarding the elements of the claim." The court then entered an order titled "Final Judgment."

Although the order on appeal is titled "Final Judgment," it does not fully resolve Alliance's claims. See, e.g., Salgado v. Suyapa-Jimenez, 254 So. 3d 1053, 1055 n.4 (Fla. 3d DCA 2018) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected. The title of the order, judgment or decree is not controlling." (citations and internal quotation marks omitted)). This Court ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction. In their responses, the parties agree that the order under review is not an appealable final order.

However, Grozdanovic has asked this Court to treat the appeal as a petition for writ of certiorari because the partial summary judgment order requires the immediate payment of damages. <u>See</u> Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . ."). "Courts have consistently found that an order resolving only part of a civil lawsuit by requiring a party to make an interim payment while leaving intertwined factual matters unresolved presents the type of irreparable harm and departure from the essential requirements of the law remediable by issuance of a writ of certiorari." <u>People's Tr. Ins. Co. v. Gonzalez</u>, 318 So. 3d 583, 583 (Fla. 3d DCA 2021) (citing <u>Team Richco, LLC v. Rapid Sec. Sols., LLC</u>, 290 So. 3d 629, 630 (Fla. 2d DCA 2020); <u>East Ave., LLC v. Insignia Bank</u>, 136 So. 3d 659, 665 (Fla. 2d DCA 2014)). We therefore treat the appeal as a petition for writ of certiorari, grant the petition, and quash the portion of the order that requires immediate payment prior to the entry of a final judgment.

Petition granted.